# IN THE COURT OF APPEALS OF IOWA

No. 20-1524
Filed February 3, 2021

**IN THE INTEREST OF J.C. and H.C.,**
**Minor Children,**

**J.C., Father,**
Appellant.
_____

Appeal from the Iowa District Court for Clarke County, Monty D. Franklin, District Associate Judge.

A father appeals the termination of his parental rights to his children. **AFFIRMED.**

Shireen L. Carter of Shireen Carter Law Office, PLC, Norwalk, for appellant father.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Marc Elcock, Osceola, attorney and guardian ad litem for minor children.

Considered by Doyle, P.J., and Mullins and Ahlers, JJ.

**DOYLE, Presiding Judge.**

A father appeals the termination of his parental rights to his children: J.C., born in 2013, and H.C., born in 2019. He contends termination goes against the children's best interests. Following our de novo review, *see In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018), we affirm the termination of the father's parental rights to both children.

The juvenile court terminated the father's parental rights to J.C. under Iowa Code section 232.116(1)(d), (e), (f), (i), and (*l*) (2020). It terminated the father's parental rights to H.C. under Iowa Code section 232.116(1)(d), (e), (h), and (*l*). The father does not dispute that the State proved the grounds for termination by clear and convincing evidence. Once the grounds for termination have been established, the court must "apply the best-interest framework set out in section 232.116(2) to decide if the grounds for termination should result in a termination of parental rights." *In re D.W.*, 791 N.W.2d 703, 706-07 (Iowa 2010). Our primary considerations in determining a child's best interests are "the child's safety," "the best placement for furthering the long-term nurturing and growth of the child," and "the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010) (quoting Iowa Code § 232.116(2)). A child's safety and "need for a permanent home" are the "defining elements" of the best-interests determination. *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted).

Following our de novo review, we agree with the juvenile court that termination is in the children's best interests. The juvenile court adjudicated J.C. to be a child in need of assistance (CINA) in May 2018 based on concerns that the mother was selling methamphetamine from the home where the child lived. It

adjudicated H.C. to be a CINA two months after birth in 2019 because blood from the umbilical cord tested positive for methamphetamine. The father, who has substance-use disorders, was incarcerated during much of the CINA proceedings. The father only saw the children and participated in services for a period of about five months after his release from prison in May 2019. He has had no contact with the children since October 2019. At the time of the termination hearing, the father was again in prison with a tentative release date in October 2023.

Children do not come equipped with pause buttons. *See In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) (holding that the court must not deprive children of permanency on the hope that someday the parent will be able to provide a stable home); *In re A.C.*, 415 N.W.2d 609, 614 (Iowa 1987) (noting that if the plan to reconcile parent and child fails, "all extended time must be subtracted from an already shortened life for the children in a better home"). The children's need for safety and permanency outweigh the rights and needs of the father. *See In re C.S.*, 776 N.W.2d 297, 300 (Iowa Ct. App. 2009). The father failed to resolve his substance-use issues, which led to his incarceration and impeded his relationship with the children. It is clear the father is unable, now or in the near term, to provide the children with either the safety or the stability they need. Because termination is in the children's best interests, we affirm termination of the father's parental rights.

**AFFIRMED.**